UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| David Holmes,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>The State of Nevada, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:22-cv-01468-GMN-DJA<br><br>**Order** |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 7). Plaintiff also submitted a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application is complete, it grants his application to proceed *in forma pauperis*. Because the Court finds that Plaintiff's complaint fails to state a claim upon which relief can be granted, it dismisses his complaint without prejudice with leave to amend.

**I.**　　***In Forma Pauperis* Application**

Plaintiff filed the affidavit required by § 1915(a)(1). (ECF No. 7). Plaintiff has also filed a financial certificate as required by § 1915(a)(2). (ECF No. 5). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915. The Court will now review Plaintiff's complaint.

**II.**　　**Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend

the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

### A. Background

Plaintiff alleges that at 12:00 a.m. on January 29, 2020, he was walking towards a local Dotty's casino and La Villita casino on the same block when a North Las Vegas Police Department ("NVLPD") officer Jason Reusch exited a building, saw Plaintiff, and told Plaintiff to get on the ground. (ECF No. 1-1 at 7-8). Plaintiff complied even though it was not clear why Officer Reusch was stopping him. (*Id.*). Officer Reusch then ran over to Plaintiff and hit Plaintiff in the face with his police baton, knocking Plaintiff out. (*Id.*).

Plaintiff regained consciousness around 2:45 a.m. that same morning. (*Id.*). He discovered that he had multiple fatal injuries and that twenty NLVPD officers were standing

around him, talking to one another. (*Id.*). Plaintiff asserts that Officer Reusch together with Officer Loren Cooley—who it appears arrived later—had punched and kicked him while he was unconscious. (*Id.* at 7-8, 14). None of the officers called emergency medical services ("EMS"), despite Plaintiff's injuries. (*Id.* at 7-8). Plaintiff alleges that Dotty's and La Villita employees and the chief surveillance officer of Dotty's—Jason Scaral—also failed to call emergency services. (*Id.* at 7-8, 14). Plaintiff adds that Scaral failed to write an incident report. (*Id.* at 14). Eventually, one of the NLVPD officers identified themselves as a sergeant and told Plaintiff that the other officers had explained that Plaintiff had fallen. (*Id.* at 7-8). Plaintiff responded that he did not fall, but that the officers had beat him. (*Id.*).

Around 3:00 a.m., EMS arrived, wiped the blood from Plaintiff's face, and took pictures. (*Id.* at 9). Plaintiff asked for a doctor. (*Id.*). Two NLVPD officers put Plaintiff in their squad car and drove very slowly to North Vista Hospital. (*Id.*). Officer Cooley stayed outside the hospital while Officer Reusch took Plaintiff's shoes off and dragged him into the emergency entrance. (*Id.*). Once inside, Plaintiff was wheeled around to multiple exam rooms before finally being placed in a hospital bed. (*Id.*). Once he was in a bed, Officer Reusch sat in front of him, laughing while another officer stood by. (*Id.*). Plaintiff begged the other officer to call a lieutenant or sergeant because he was afraid that Officer Reusch and the other officer would take him somewhere and deprive him of the ability to get emergency surgery. (*Id.*). But instead of providing him necessary surgery, a North Vista Hospital doctor released Plaintiff back to the officers. (*Id.*).

Plaintiff was ultimately arrested for jay walking, "obstruction," "ex-felon failure to change address," domestic battery, "running from the cops," and failure to register, which Plaintiff asserts were falsified charges. (*Id.*). Plaintiff asserts that this was one of many times Officer Reusch and the other officer (it is unclear if he is referring to the other officer in the hospital room or Officer Cooley) have harassed him. (*Id.*). The assault on January 29, 2020 resulted in fractures to Plaintiff's orbital bones, ribs, nose, hip, pelvis, spine, neck, and skull, along with broken bones. (*Id.* at 10). Plaintiff adds that he was sent to jail despite needing surgeries from the attack. (*Id.*).

Plaintiff alleges that he submitted complaints about the incidents to the NLVPD, but despite the complaints, Plaintiff asserts that the NLVPD has continued to allow its officers to harass him since 2018. (*Id.*). Plaintiff alleges that the NLVPD refused to release information to Adam Breeden—it is unclear from Plaintiff's complaint who this individual is—for an investigation. (*Id.*). NLVPD Sergeant Showell also ordered his officers to give him Plaintiff's complaint packets so that Sergeant Showell could destroy them instead of sending them "out to be processed," which Plaintiff asserts was a cover up. (*Id.* at 10-11). Plaintiff alleges that municipal court Judge Sean Hoeffgen conspired with Officer Cooley and Officer Reusch in giving Plaintiff excessive jail sentences and accepting guilty pleas that were unlawful in order to sell Plaintiff's property seized by the NLVPD. (*Id.* at 10-11, 15).

Plaintiff alleges that NLVPD Chief Pamela Ojeda did nothing to prevent the attack against him despite receiving Plaintiff's complaints against Officer Cooley and Officer Reusch. (*Id.* at 14). Plaintiff asserts that the NLVPD internal affairs department poorly investigated the attack and falsified what really happened. (*Id.*). He adds that Officer Marcus Cook was "the main one" who told Officer Reusch to "do as he wished" and continue harassing Plaintiff after Plaintiff submitted complaints about Officer Cook. (*Id.*).

### B. *Plaintiff's claims*

Plaintiff brings three claims and names thirty-eight defendants. Plaintiff sues: (1) the State of Nevada; (2) NLVPD Officer Loren Cooley; (3) NLVPD Officer Jason Reusch; (4) NLVPD Chief Pamela Ojeda; (5) NLVPD Internal Affairs; (6) NLVPD Sergeant Showell; (7) NLVPD Officer Marcus Cook; (8) Doe supervisor of the NLVPD Records Division; (9) Jason Scaral, chief security officer of Dotty's casino; (10) Judge Sean Hoeffgen; (11) Doe NLVPD Captain; (12) Doe NLVPD Lieutenant; (13) Doe NLVPD Sergeant; (14) Craig Estey, CEO of Dotty's casino; (15) "911 Dispatch"; (16) "Fire and Rescue #51"; (17) the City of North Las Vegas; and (18) North Vista Hospital. (ECF No. 1-1 at 1-3). Plaintiff lists the remainder of the defendants as "call ticket" #1-20. (*Id.* at 3-6). It appears that he is referring to the NLVPD officers who arrived on scene after the attack.

Plaintiff's three claims include: (1) a claim for excessive force against NLVPD and Sergeant Showall for destroying Plaintiff's complaints he submitted to the NLVPD; (2) a claim for conspiracy and retaliation against all Defendants for conspiring to murder Plaintiff; and (3) a claim for denial of medical care by all responding officers and Dotty's casino staff. (*Id.* at 14-16). However, in the section under each claim reserved for stating supporting facts, Plaintiff appears to assert multiple more claims. (*Id.*). This makes it impossible for the Court to distinguish what facts Plaintiff is using to support his claims and which he alleges to support independent causes of action.

As a result, the Court dismisses Plaintiff's complaint with leave to amend. In any amended complaint, Plaintiff must separate out his claims, identifying the issue involved for each separate claim, and providing supporting facts specific to each claim. Plaintiff should avoid including multiple claims on one page when using the Court's approved forms.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 7) is **granted.** Plaintiff shall not be required to pay an initial installment fee. Nevertheless, the full filing will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs of the giving of security therefor.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the **Clark County Detention Center** will forward payments from the account of **David Holmes, #1210144** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. If Plaintiff should be transferred and become under the care of the Nevada Department of Corrections, the Clark County Detention Center Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, indicating the amount that Plaintiff has paid toward his filing fee, so that funds may continue to be deducted from Plaintiff's account. The Clerk shall send a copy of this order to the

Finance Division of the Clerk's Office.  The Clerk shall also send a copy of this order to the Clark County Detention Center Accounting Supervisor, 330 South Casino Center Boulevard, Las Vegas, NV 89101.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act.

**IT IS FURTHER ORDERED** that Plaintiff's complaint (ECF No. 1-1) is dismissed without prejudice with leave to amend.

**IT IS FURTHER ORDERED** that if Plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, Plaintiff will file the amended complaint on or before **March 31, 2023**.  **If Plaintiff fails to file an amended complaint curing the deficiencies outlined in this order before March 31, 2023, the Court will recommend dismissal of this action.**

**IT IS FURTHER ORDERED** that the Clerk of Court will send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1).  If Plaintiff chooses to file an amended complaint, he should use the approved form and write the words, "First Amended" above the words "Civil Rights Complaint" in the caption.

DATED: March 1, 2023

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE